963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Edwin COOK, Petitioner-Appellant,
v.
Norm MALENG, Amos Reed, Respondents-Appellee.
 No. 91-35545.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.
Decided May 14, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Edwin Cook ("Cook") appeals from the district court's order denying reconsideration of the order denying his writ of habeas corpus. Cook argues that the district court erred by dismissing his claim as premature and by concluding that Cook's earlier conviction would not be used to enhance his state sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm the judgment of the district court.
 
 BACKGROUND
 
 3
 Cook was convicted on three counts of robbery in 1958. He was sentenced to three concurrent twenty year terms and was paroled in 1962. In 1965, he was again convicted in Washington State court on three counts of robbery and sentenced to three concurrent fifty year terms. He was paroled in 1973. In 1976, Cook was convicted of the federal crimes for which he is now incarcerated at Leavenworth, Kansas. In 1976, Cook was also convicted in Washington State court on two counts of assault and one count of aiding a prisoner to escape. His state sentence for these convictions is two life terms and one ten year term. These are maximum terms under Washington's then indeterminate sentencing scheme, with the minimum term to be set by the Indeterminate Sentence Review Board ("Board").
 
 DISCUSSION
 
 4
 Cook expects the minimum sentence that he will be given by the Board will be illegal. He bases this on the assumption that the Board will enhance his minimum sentence based on his 1958 felony conviction. He argues that this conviction was unconstitutional.[1]
 
 
 5
 The Magistrate found Cook's petition to be speculative and premature since the Board has not yet set Cook's minimum term. We agree with the Magistrate. The Board will not determine Cook's mandatory minimum sentence until he completes his federal sentence and is turned over to Washington State authorities. It is therefore not possible for us to determine how the Board will decide Cook's minimum sentence. Any judgment now would be based on speculation and would thus be premature. See American-Arab Anti-Discrimination Com. v. Thornburgh, 940 F.2d 445, 453 (9th Cir.1991) ("the exercise of jurisdiction without proper factual development is inappropriate.").
 
 
 6
 When resolving issues of ripeness, we consider "whether the issues are fit for judicial decision and ... whether the parties will suffer hardship if we decline to consider the issues." Id. As noted above, we find that the facts are not yet present to warrant review. Moreover, there is no indication that our decision will cause hardship to Cook. Accordingly, the order of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cook contends that this conviction was unconstitutional because there is no evidence of a competency hearing. Apparently, the judge expressed doubt over Cook's competency to stand trial. Two psychiatrists were appointed to evaluate Cook. There is no evidence that the competency hearing was ever held. However, the trial continued and the issue was never again raised by the court or by the defendant at trial or on direct appeal